UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALIZA ELIAZAROV,<br><br>                                  Plaintiff,<br><br>    - against -<br><br>SCRIPPS NETWORKS, LLC and CORUS ENTERTAINMENT INC.<br><br>                                Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Aliza Eliazarov ("Eliazarov" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendants Scripps Networks, LLC ("Scripps") and Corus Entertainment Inc. ("Corus" and together with Scripps "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of eight copyrighted photographs of Summer Rayne Oakes who made headlines when she transformed her New York City apartment into a jungle filled with plants, owned and registered by Eliazarov, a New York City based photojournalist. Accordingly, Eliazarov seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Eliazarov is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 93 Greenpoint Avenue, Apt.13, Brooklyn, New York 11222. Eliazarov's photographs have appeared in many publications around the United States.

6. Upon information and belief, Scripps is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1180 Avenue of the Americas, New York, New York 10036. At all times material hereto, Scripps has owned and operated a website at the URL: www.hgtv.ca (the "Website").

7. Upon information and belief, Corus is a corporation with a place of business at 25 Dockside Drive, Toronto, Ontario M5A 0B5. At all times material hereto, Corus has owned and operated a website at the URL: www.hgtv.ca (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photographs**

8. In July 2016, Eliazarov photographed the inside of Summer Rayne Oakes' Brooklyn, New York apartment which is filled with five hundred plants (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

9. Eliazarov then licensed the Photographs to Modern Farmer. On July 14, 2016, Modern Farmer ran an article that featured the Photographs on its web edition entitled *Meet a Woman Who Keeps 500 Plants in Her Brooklyn Apartment*. See

http://modernfarmer.com/2016/07/summer-rayne-oakes/. Eliazarov's name was featured in a gutter credit identifying her as the photographer of the Photographs. A true and correct copy of the Photographs in the article is attached hereto as Exhibit B.

10. Elizarov is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

11. The) Photographs have a pending US Copyright Registration number of 1-3981415921. See Exhibit C.

### B. Defendants Infringing Activities

12. Upon information and belief, Defendants ran an article on the Website entitled *Model Transforms Tiny NYC Apartment into Jungle with 500 Plants*. See http://www.hgtv.ca/photos/gallery/?gid=cc65a010ef87929be13530811ce41b9b#!/4. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit D.

13. Defendants did not license the Photographs from Plaintiff for its article, nor did Defendants have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Defendants infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendants are not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of

       Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       September 26, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Aliza Eliazarov*